IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERNANDEZ, | No. C 03-3738 MMC (PR) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| A.A. LaMARQUE, Warden, | |
|     Respondent.                 / | |

On August 11, 2003, Carlos Hernandez ("petitioner"), a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 8, 2003, after reviewing the petition, the Court ordered respondent to show cause why the petition should not be granted based on petitioner's four cognizable claims. Respondent filed a motion to dismiss the petition, which, on January 28, 2004, was granted as to two of petitioner's claims. The Court then ordered respondent to show cause why relief should not be granted as to petitioner's two remaining claims: (1) that the trial court's findings with respect to petitioner's prior "strike" convictions violated his right to due process because they were not supported by sufficient evidence, and (2) that he received ineffective assistance of counsel at his sentencing hearing. Respondent has filed an answer, accompanied by a memorandum and exhibits, contending that the petition should be denied. Petitioner has not filed a traverse.

**BACKGROUND**

On February 20, 2001, petitioner was an inmate at Salinas Valley State Prison. Near the end of a recreation period, petitioner and another inmate, Garcia, engaged in a fight. While breaking up the fight, prison guards ordered petitioner to get down on the ground. As he moved to the ground, a guard saw petitioner throw an inmate-made weapon[1] that landed at the feet of one of the other guards. Garcia received lacerations that were consistent with those caused by such a weapon.[2]

Petitioner was tried before a jury in the Monterey County Superior Court and was found guilty of possessing a dangerous weapon while confined in prison. In a bifurcated proceeding, the trial court[3] found true allegations that petitioner had sustained seven prior felony convictions, all arising from a single trial in 1993, which convictions qualified as "strikes" under California's "Three Strikes" law.[4] The facts of the 1993 trial were summarized by the California Court of Appeal as follows:

> On April 9, 1992 defendant kidnaped an eleven year old girl from her front yard at gunpoint. As the defendant was walking away with the young girl, her frantic father tried to retrieve his daughter. The defendant shot at the father, forcing him to abandon the chase. The defendant then forced the young victim into a secluded area and forced her into a number of sex acts, including oral copulation, cunnilingus, sucking the victim's breasts, digital penetration of the victim and rape.

Slip op. at 16.

The trial court sentenced petitioner to a term of 25 years to life in state prison[5], to be

---

[1] The weapon's blade was made of thin sheet metal folded over several times; its handle was made of wax wrapped in cardboard and masking tape. People v. Hernandez, No. H024021, slip op. 1, 10. (Cal. Ct. App. March 27, 2003) (hereinafter "Slip op.").

[2] Because the claims addressed herein do not pertain to the conduct of the trial, but rather to petitioner's sentence, the Court provides this brief summary of the trial evidence, derived from the opinion of the California Court of Appeal. Slip op. at 2-3.

[3] Petitioner waived a jury on the issue of his prior convictions.

[4] The record indicates that although the information pleaded only seven felony convictions, petitioner actually was convicted on thirteen felony counts at the 1993 trial.

[5] Under California's Three Strikes Law, where a defendant is convicted of a felony and the prosecution has pled and proved the defendant has two prior convictions for offenses classified as "violent" or "serious" felonies, the minimum sentence mandated

served consecutively to the 30-year state prison term he was already serving.  The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied the petition for review.

**DISCUSSION**

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 402-404, 409 (2000). Habeas relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict."  <u>Penry v. Johnson</u>, 121 S. Ct. 1910, 1920 (2001) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993)).  A federal court must presume the correctness of the state court's factual findings.  28 U.S.C. § 2254(e)(1).

B. <u>Legal Claims</u>

    1. <u>Insufficient evidence of three prior convictions</u>

Petitioner contends that his right to due process was violated because there was insufficient evidence to support the trial court's finding that three of the seven prior convictions were strikes.  The Due Process Clause requires "proof beyond a reasonable

---

under California law is 25 years to life. <u>See</u> Cal. Pen. Code §§ 667(e)(2), 1170.12(c))(2).

3

1  doubt of every fact necessary to constitute" the crime charged.  In re Winship, 397 U.S.
2  358, 364 (1970).  Accordingly, a claim that the evidence supporting a state conviction does
3  not establish proof beyond a reasonable doubt is a cognizable claim under the Due
4  Process Clause.  Jackson v. Virginia, 443 U.S. 307, 321-24 (1979).  The evidence of a prior
5  conviction is sufficient and satisfies due process if, when it is viewed in the light most
6  favorable to the prosecution, a rational trier of fact could have found the prior conviction to
7  be true beyond a reasonable doubt.  United States v. Okafor, 285 F.3d 842, 847-48 (9th
8  Cir. 2002).

9  The three prior strike convictions that petitioner contends are not supported by
10 sufficient evidence all were obtained under California Penal Code § 288a(c).  Section
11 288a(c) can be violated in any of three ways: by oral copulation of a victim under the age of
12 14 years, by forcible oral copulation, or by oral copulation by threat of retaliation.  See Cal.
13 Pen. Code § 288a(c).[6]  The Court of Appeal explained, and the parties agree, that under
14 California law only the first two means of commission qualify as strikes, while the third does
15 not.  Slip op. at 13.  At the time petitioner was convicted, § 288a(c) did not include
16 subsections corresponding to the three different means of commission.[7]  Petitioner argues
17 that because the statute did not contain such subsections, a conviction under § 288a(c) did
18 not exclude a conviction based on the third, non-strike, offense.

19 The evidence produced at trial included the abstract of judgment from petitioner's
20 1993 trial.  See Clerk's Transcript ("CT") at 117 (Respt. Ex. B).  The abstract of judgment

---

[6] The version of California Penal Code § 288a(c) in effect at the time of petitioner's 1993 convictions provided: "'Any person who participates in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than he or she, or when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person, or where the act is accomplished against the victim's will by threatening to retaliate in the future against the victim or any other person . . . shall be punished by imprisonment in the state prison for three, six, or eight years.'"  Slip op. at 12, fn. 5.  (citing Historical and Statutory Notes, 48 West's Ann. Pen. Code (1999 ed.) Foll. § 288a, p. 501; Stats. 1998, ch. 936, § 25, p. 5413).

[7] In 1998, the statute was amended to include three separately numbered paragraphs, each describing a separate means of commission. Slip. op. at 12-13, fn. 5.

4

1  lists the thirteen convictions, four of which were pursuant to "section 288a(c)."[8]  See id.
2  The abstract further states that two of these convictions were for "ORL COP PERS 14 YR"
3  and two were for "FORCIBLE ORL CPLATN."  Id.  Given such evidence, it was reasonable
4  for the trial court to find, beyond a reasonable doubt, that the phrase "ORAL COP PERS 14
5  YR" corresponds to the first method set forth in section 288a(c), oral copulation of a victim
6  under the age of 14 years.  Similarly, the trial court could find, beyond a reasonable doubt,
7  that the phrase "FORCIBLE ORAL CPLTN" corresponds to the second method set forth in
8  section 288a(c), specifically, forcible oral copulation.  Neither phrase reasonably suggests
9  the third, non-strike, method of oral copulation, i.e., by threat of retaliation.  In short, viewed
10 in the light most favorable to the prosecution, the abstract of judgment constitutes sufficient
11 evidence on which a rational trier of fact could find beyond a reasonable doubt that
12 petitioner had sustained three prior convictions that qualified as strikes.  See, e.g., United
13 States v. Corona-Sanchez, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc) (approving
14 consideration of judgment where prior conviction does not "facially qualify" as
15 enhancement).  Accordingly, the California Court of Appeal's denial of this claim was not
16 contrary to, or an unreasonable application of, clearly established federal law.

17        Moreover, even if the evidence as to petitioner's three § 288a(c) convictions was
18 insufficient, petitioner was not prejudiced by their inclusion as strikes.  On habeas review,
19 an error is deemed "harmless" if it does not have a "substantial and injurious effect on the
20 jury's verdict."  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v.
21 United States, 328 U.S. 750, 776 (1946)).  The Brecht harmless error analysis also applies
22 to habeas review of an error with respect to sentencing, in other words, the test is whether
23 such error had a "substantial and injurious effect" on the sentence.  See Calderon v.
24 Coleman, 525 U.S. 141, 145-57 (1998) (holding that for habeas relief to be granted based
25 on constitutional error in capital case penalty phase, error must have had substantial and
26 injurious effect on jury's verdict in penalty phase).  Here, the trial court found petitioner had

27

28        [8]Petitioner was charged with only three of the four prior § 288a(c) convictions.

5

1  sustained four prior strike convictions in addition to the three at issue in this claim.
2  Petitioner does not challenge the trial court's finding as to these other four strikes. Even if
3  the trial court had discounted the three § 288a(c) strike convictions for lack of evidence,
4  petitioner nonetheless would have had more than a sufficient number of other strikes to
5  require a 25-years-to-life sentence under the Three Strikes law. Consequently, petitioner
6  was not prejudiced as a result of any arguable error in the trial court's findings with respect
7  to the three § 288a(c) convictions.

8  Accordingly, for the reasons set forth above, petitioner is not entitled to habeas relief
9  on his claim that there was insufficient evidence to support the trial court's finding he had
10 sustained three "strike" convictions under § 288a(c).

11        2.    <u>Ineffective assistance of counsel at sentencing</u>

12 Petitioner claims he was denied effective assistance of counsel at the sentencing
13 hearing. Prior to the sentencing hearing, the prosecution filed a sentencing brief, arguing
14 for a sentence of 25 years to life in prison. Petitioner claims counsel did not file a response
15 to this brief "or any other pleading." Pet. at 22. At the hearing, the prosecutor argued for
16 the same sentence, 25 years to life. Petitioner claims his counsel failed to offer any
17 counter-argument.

18 In analyzing this claim, the Court first notes the lack of Supreme Court precedent
19 regarding performance of counsel in connection with sentencing. In <u>Strickland v.
20 Washington</u>, the Supreme Court announced a standard for effective assistance of counsel
21 but expressly declined to apply that standard to assistance in a noncapital sentencing
22 proceeding, stating: "We need not consider the role of counsel in ordinary sentencing,
23 which . . . may require a different approach to the definition of constitutionally effective
24 assistance." 466 U.S. 668, 686 (1984). The Supreme Court has not addressed the issue
25 since <u>Strickland</u>. Recently, the Ninth Circuit, holding "there is no clearly established federal
26 law as determined by the Supreme Court" with respect to the standard for evaluating
27 ineffective assistance of counsel in a noncapital sentencing, concluded habeas relief
28 cannot be granted on such a claim. See <u>Davis v. Grigas</u>, 443 F.3d 1155, 1158 (9th Cir.

1 2006) (finding lack of clearly established Supreme Court precedent as to assistance of
2 counsel in noncapital sentencing cases precluded habeas relief); Cooper-Smith v.
3 Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005) (same).[9]  Accordingly, petitioner cannot
4 obtain habeas relief on his claim of ineffective assistance of counsel at sentencing.

   Moreover, even if Strickland were deemed to be "clearly established federal law"
applicable to a claim of ineffective assistance of counsel at sentencing, see Davis, 443 F.3d
at 1159 (Graber, J. concurring) (reading Supreme Court precedent as making Strickland
applicable to ineffective assistance claims where noncapital sentencing is "formal" and
"involves findings or conclusions that provide a standard for the imposition of sentence"),
petitioner's claim nonetheless would fail.  Under Strickland, in order to prevail on a Sixth
Amendment claim of ineffective assistance, a petitioner first must establish his counsel's
performance was deficient, i.e., that it fell below an "objective standard of reasonableness"
under prevailing professional norms.  See Strickland at 688.  The relevant inquiry is not
what defense counsel could have presented, but rather whether the choices made by
defense counsel were reasonable.  See Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.
1998).  A petitioner also must establish that he was prejudiced by counsel's deficient
performance, i.e., that "there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different."  See
Strickland, 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Id.

   Here, petitioner points to counsel's failure to offer counter-arguments, but does not
specify any grounds on which counsel could have argued for a lesser sentence.  Petitioner
carries the burden of explaining what counsel should have done or what counsel could
have argued on his behalf.  See Ortiz v. Stewart, 149 F.3d 923, 933 (9th Cir. 1998)

---

[9]Because of the lack of "clearly established" Supreme Court precedent in this context, state courts are "free" to "establish what constitutes ineffective assistance of counsel at sentencing."  See Davis, 443 F.3d at 1158.  In the instant case, the California Court of Appeal, in rejecting petitioner's claim, cited People v. Hart, 20 Cal. 4th 546, 623-24 (1999), which applies the Strickland standard.  Slip op. at 15.

1 (rejecting claim of ineffective assistance of counsel in capital sentencing phase where
2 petitioner "fail[ed] to explain what counsel should have done to prepare fully for sentencing"
3 and failed to "specify what further investigation would have uncovered").  As petitioner
4 points to no meritorious issue that should have been raised, it cannot be said that counsel's
5 performance fell below an objective standard of reasonableness.
6     Further, petitioner cannot satisfy the prejudice prong of the Strickland test.
7 Petitioner argues that he is not required to show prejudice because counsel's performance
8 amounted to a failure to "subject the prosecution's case to meaningful adversarial testing."
9 See United States v. Cronic, 466 U.S. 648, 658-60 (1984) (providing for presumption of
10 prejudice in certain situations, such as where counsel fails to meaningfully test
11 prosecution's case).  The Supreme Court has emphasized, however, that the Cronic
12 standard is a "narrow exception to Strickland's holding" and is "reserved for those situations
13 in which counsel has entirely failed to function as the client's advocate."  See Florida v.
14 Nixon, 543 U.S. 175, 190 (2004) (refusing to apply Cronic standard even where counsel
15 had advised defendant to concede guilt in capital case); see also United States v. Thomas,
16 417 F.3d 1053, 1056-57 (9th Cir. 2005) (describing as "limited" circumstances under which
17 Cronic applies, specifically, those "so likely to prejudice the accused that the cost of
18 litigating their effect in a particular case is unjustified.") (quoting Cronic, 466 U.S. at 659)).
19 Here, counsel actively advocated on petitioner's behalf throughout the trial.  Unlike a capital
20 case, there was no separate trial with respect to penalty.  Cf. Bell v. Cone, 535 U.S. 685,
21 697 (2002) (discussing application of Cronic in context of capital case penalty phase).   In
22 any event, the nature of the asserted deficiency is not of the sort found cognizable under
23 Cronic.  See id. (holding "[t]he failure to adduce mitigating evidence and the waiver of
24 closing argument [in capital sentencing phase] . . . are plainly of the same ilk as other
25 specific attorney errors we have held subject to Strickland's performance and prejudice
26 components").  Consequently, although counsel did not submit a brief or present
27 arguments at sentencing, there is no authority that his conduct amounts to a complete
28 failure to function as petitioner's advocate, such as to implicate the narrow exception

1 provided in Cronic and, accordingly, prejudice is not presumed in this case.

2 Finally, petitioner's claim fails under the prejudice prong of the Strickland test 3 because the trial court found that all seven alleged prior convictions were true, and that 4 they constituted strikes. Petitioner carries the burden of demonstrating a reasonable 5 probability that the outcome would have been different absent counsel's errors. See 6 Strickland, 466 U.S. at 696 ("[A] court making the prejudice inquiry must ask if the 7 defendant has met the burden of showing that the decision reached would reasonably likely 8 have been different absent the errors.") Although a trial judge has discretion to strike or 9 vacate a pled and proved prior strike conviction, that discretion is confined to situations 10 where the defendant "may be deemed outside the scheme's spirit." See People v. 11 Williams, 17 Cal. 4th 148, 161 (1998). Here, for petitioner to have avoided a 25-years-to-life 12 sentence under the Three Strikes law, the trial court would have had to have stricken six of 13 his seven prior strike convictions.[10] In that regard, the trial court had before it the abstract 14 of judgment, listing the thirteen felony convictions that petitioner suffered in 1993; the 15 prosecutor's sentencing memorandum, describing the exceptionally aggravated nature of 16 petitioner's 1993 convictions; and a probation report from 1998, indicating petitioner had a 17 prior conviction for assault with a deadly weapon while in prison. Slip op. at 16. As noted, 18 petitioner does not identify any arguments or mitigating evidence that counsel could have 19 presented to suggest a ground for striking all but one of the remaining priors or to support a 20 lesser sentence,[11] nor does he otherwise show that the outcome would have been different 21 absent the claimed error. As petitioner has not met his burden of establishing prejudice, his 22 claim fails under the Strickland test as well.

23 In sum, there is no clearly established federal law regarding performance of counsel 24 at noncapital sentencing proceedings. As a result, there is no basis upon which to grant

---

[10] Even if one discounts the three priors challenged herein, the trial court would have had to have stricken three of the remaining four strike convictions.

[11] Indeed, following the jury's verdict, petitioner wanted to proceed immediately to sentencing. See Reporter's Transcript ("RT") at 259 (Respt. Ex. A).

9

1  habeas relief on a claim of ineffective assistance of counsel at sentencing.  Furthermore,
2  even if the <u>Strickland</u> test for effective assistance of counsel were the applicable federal
3  standard, petitioner's claim fails to satisfy that test because he does not show that
4  counsel's performance was deficient or prejudicial.  Accordingly, petitioner is not entitled to
5  habeas relief on his claim that counsel provided ineffective assistance.

## CONCLUSION

In light of the foregoing, the petition for a writ of habeas corpus is DENIED.

The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: August 18, 2006

                                MAXINE M. CHESNEY
                                United States District Judge